NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2022-0140

THE STATE OF NEW HAMPSHIRE

v.

NYOK DENG LUWAL

Submitted: September 8, 2022
Opinion Issued: October 20, 2022

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Anthony J. Galdieri on the memorandum of law), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief, for the defendant.

DONOVAN, J. The defendant, Nyok Deng Luwal, appeals an order of the Superior Court (Delker, J.) ruling that RSA 597:6-e (Supp. 2021) does not confer jurisdiction to the superior court to review a circuit court's order revoking bail. The State and the defendant agree that the superior court erred in ruling that it lacked jurisdiction to hear the appeal under RSA chapter 597. They ask us to confirm that the superior court has jurisdiction to review a circuit court's bail revocation order. Having considered the briefs and record submitted on appeal, we conclude that RSA chapter 597 authorizes the superior court to do so. Accordingly, we reverse.

## I.  Facts

The following facts are agreed upon by the parties or are otherwise supported by the record.  In October 2021, police arrested the defendant for three counts of domestic violence simple assault and one count of criminal threatening.  Following his arraignment, the circuit court released the defendant subject to conditions, including a no-contact order prohibiting the defendant from contacting the victim.  In December 2021, police arrested the defendant for violating the no-contact order.  Subsequently, the State filed a motion seeking to revoke bail in the circuit court.  The circuit court found that the evidence supported the State's motion and consequently revoked the defendant's bail under RSA 597:7-a (Supp. 2021) and ordered him detained.

Thereafter, the defendant appealed the decision to the superior court.  The State moved to dismiss the appeal for lack of jurisdiction, while the defendant contended that jurisdiction was proper.  The court granted the State's motion to dismiss, ruling that RSA 597:6-e does not grant it jurisdiction over an appeal from a circuit court's order to revoke bail.

In its order, the superior court incorporated by reference the reasoning applied in another superior court order which provided that RSA 597:6-e did not permit the superior court to review a circuit court's decision to revoke bail.  The court reasoned that RSA 597:6-e neither references bail revocation nor the bail revocation statute, RSA 597:7-a, and that the legislature would have included language concerning bail revocation in RSA 597:6-e had it intended the statute to apply to such decisions.  Furthermore, the court determined that the statute's structure suggests that RSA 597:6-e does not apply to bail revocation decisions.  In reaching this conclusion, the court reasoned that RSA 597:2 (Supp. 2021) through RSA 597:6-e address initial bail determinations whereas RSA 597:7-a addresses bail revocation decisions.

The trial court found it significant that RSA 597:6-e, II provides no guidance to the superior court when considering an appeal from a bail revocation decision, in contrast to the specific requirements provided when the court considers the modification of a bail order based upon a dangerousness finding.  The court did not think it reasonable that the legislature would provide specific guidance to address an appeal from a dangerousness finding while remaining silent about the factors to consider in an appeal from a decision to revoke bail.

Recognizing that under its interpretation, the appeals process of an initial bail decision would differ from that of a bail revocation decision, the court posited three justifications.  First, the factors that a court considers in a bail revocation hearing differ from those that a court considers in an initial bail decision.  Second, bail revocation hearings, unlike initial bail hearings, are often evidentiary.  Third, bail revocation proceedings are analogous to contempt

2

of court proceedings, and a defendant lacks any avenue to appeal a contempt finding to the superior court.  Lastly, the court reasoned that its interpretation would not deprive a defendant of appellate review of a circuit court's decision to revoke bail because the defendant could appeal that decision to this court. This appeal followed.

## II.  Analysis

### A.  Mootness

Since the defendant filed his appeal, the State filed a nolle prosequi terminating the circuit court prosecution of the charges upon which the defendant was held.  Consequently, the defendant is no longer incarcerated. Nevertheless, both parties argue that his appeal is not moot because it presents a legal issue that is of pressing public interest and capable of repetition yet evading review.  We agree.

Mootness is not subject to rigid rules, but is a matter of convenience and discretion.  Royer v. State Dep't of Empl. Security, 118 N.H. 673, 675 (1978).  A case may not be moot if "it presents legal issues that are of pressing public interest and are capable of repetition yet evading review." Olson v. Town of Grafton, 168 N.H. 563, 566 (2016) (quotation omitted).  Here, not only does the issue involve a person's statutory right to an appeal, see RSA 597:2, X, but litigants also need to know where to appeal bail revocation decisions. Additionally, misdemeanor cases move quickly through the circuit courts and, as in this case, bail issues often become moot before we have an opportunity to address them.  See, e.g., State v. Hill, 172 N.H. 711, 712 (2019) (interpreting RSA 597:2 after determining that the issue was not moot, even though the defendant resolved the charges against her and was no longer subject to bail). Therefore, we conclude that this case is not moot and accordingly consider the jurisdictional question.

### B.  Statutory Interpretation

The State and the defendant agree that the superior court misconstrued RSA chapter 597 when it interpreted the statute as not providing the superior court with appellate jurisdiction over circuit court bail revocation decisions. The interpretation of a statute presents a question of law that we review de novo.  See State v. Pinault, 168 N.H. 28, 31 (2015).  In matters of statutory interpretation, the intent of the legislature is expressed in the words of the statute considered as a whole.  See id.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  Furthermore, we interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language the legislature did not see fit to include.  Id.  Finally, we interpret statutes in the context of the overall statutory scheme and not in isolation.  Id.

At issue are three provisions within RSA chapter 597, "Bail and Recognizances": RSA 597:2, X, RSA 597:6-e, II, and RSA 597:7-a, III. RSA 597:7-a, III governs bail revocation proceedings. It provides that "[t]he state may initiate a proceeding for revocation of an order of release by filing a motion with the court which ordered the release and the order of which is alleged to have been violated." RSA 597:7-a, III. The statute requires the court to "enter an order of revocation and detention if, after a hearing, the court" finds that either probable cause exists to find the person committed a crime while on release, or that clear and convincing evidence exists that the person violated the conditions of their release, and that either there "is no condition or combination of conditions of release" that will ensure the person will neither pose a danger nor a flight risk, or the person is unlikely to adhere to any conditions of release. Id.

RSA 597:2, X provides a statutory right of review. It states:

X. A person detained by a circuit court has the right to:

(a) In the first instance, a hearing in circuit court within 36 hours after the filing of the motion, excluding weekends and holidays on a motion to reconsider the original detention order; and

(b) A decision upon a de novo appeal, pursuant to RSA 597:6-e, II, to the superior court within 36 hours of the filing of the appeal, excluding weekends and holidays.

RSA 597:2, X.

RSA 597:6-e, II sets forth the superior court's process to review circuit court bail decisions. This provision states that "[s]ubject to RSA 597:2, X, the person or the state may file with the superior court a motion for revocation of the order or amendment of the conditions of release set by a municipal or district court, by a justice, or by a bail commissioner." RSA 597:6-e, II; see RSA 490-F:18 (Supp. 2018) (explaining that statutes that reference the jurisdiction of the district court are deemed to refer to the circuit court).

We conclude that a plain reading of these provisions of RSA chapter 597 confer to the superior court jurisdiction to review circuit court bail revocation decisions. RSA 597:7-a, III, which governs bail revocation, authorizes the same court that initially granted release on bail to also consider whether to revoke bail. After making certain findings supporting its decision to revoke bail, the court must "enter an order of revocation and detention." RSA 597:7-a, III. RSA 597:2, X grants a statutory right of review to "[a] person detained by a circuit court" by guaranteeing them the right to "[a] decision upon a de novo appeal, pursuant to RSA 597:6-e, II, to the superior court . . . ." RSA 597:2, X (emphasis added). Here, the circuit court revoked the defendant's bail and

4

issued an order of detention under RSA 597:7-a. Therefore, the defendant in this case was, under the plain meaning of RSA 597:2, X, "[a] person detained by a circuit court." Accordingly, pursuant to RSA 597:2, X(b), the defendant maintains the right of appeal to the superior court under the standard set forth in RSA 597:6-e, II.

Moreover, RSA 597:6-e, II incorporates RSA 597:2, X by reference by providing that "[s]ubject to RSA 597:2, X, the person or state may file with the superior court . . . ." It is unnecessary for RSA 597:6-e, II to specifically reference either bail revocation or RSA 597:7-a because such bail revocation decisions enter the RSA 597:6-e, II review process by way of RSA 597:2, X. Therefore, permitting superior court review of circuit court bail revocation decisions does not add language to the statute because the statute's plain language already permits such review. See RSA 597:2, X; RSA 597:6-e, II; RSA 597:7-a, III.

By contrast, construing the statute as prohibiting superior court review of circuit court bail revocation decisions adds language to either RSA 597:2, X or RSA 597:6-e, II. See Pinault, 168 N.H. at 31 ("[W]e interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language it did not see fit to include."). Nothing in RSA 597:2, X limits the right of appeal to initial bail decisions. Subsection X grants the right of appellate review in the superior court to any "person detained by a circuit court," regardless of whether the order of detention originates from an initial bail hearing or a bail revocation hearing. RSA 597:2, X. Accordingly, restricting RSA 597:2, X to initial bail determinations would add language to the statute in order to limit this broad language. See, e.g., State v. Zhukovskyy, 174 N.H. 430, 435 (2021) (declining to adopt the defendant's interpretation of RSA 597:2, IV to mandate evidentiary bail hearings because doing so would require adding language to the statute).

Similarly, nothing in RSA 597:6-e, II limits the review process to initial bail determinations or excludes decisions to revoke bail. RSA 597:6-e, II describes who may appeal to the superior court, the types of relief that a party may seek in superior court, and the documents that the moving party must submit to the superior court — all of which apply to bail revocation proceedings.[1] Given this detailed language, the legislature would have explicitly excluded bail revocation decisions from superior court review if it so intended.

---

[1] "[T]he person or the state may file with the superior court a motion for revocation of the order or amendment of the conditions of release set by a municipal or district court, by a justice, or by a bail commissioner." RSA 597:6-e, II. The moving party must "provide[] to the superior court certified copies of the complaint, affidavit, warrant, bail slip, and any other court orders relative to each charge for which a release or detention order was issued by a justice, or a bail commissioner." Id.

Finally, we can discern no reason why the legislature would treat the review of a bail revocation decision differently from the review of initial preventive detention decisions when the loss of liberty is the same in both instances. Adopting the superior court's interpretation would create an unnecessary disparity between the appeals process for initial bail decisions and decisions revoking bail. See State v. Breest, 167 N.H. 210, 213-14 (2014) (refusing to interpret a statute in a manner that would result in two defendants, each with equally favorable DNA results, receiving different treatment under the statute based upon how they obtained their results). Under the superior court's interpretation, individuals subject to preventive detention as a result of a circuit court's initial bail decision are entitled to seek de novo review of the bail decision in the superior court. See RSA 597:2, X. In contrast, individuals subject to preventive detention due to a circuit court's decision to revoke bail and issue an order of detention could not, despite the fact that the loss of liberty is the same in both instances. We cannot conclude that the legislature intended such a disparate result.

### III.  Conclusion

For the foregoing reasons, we reverse and hold that RSA chapter 597 grants the superior court the authority to review a circuit court's bail revocation decision.

Reversed.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

6